UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                                              19 cr 846 (KPF)

vs.

BARRY WILLIAMS,

                Defendant.
-----------------------------------------------------------X

## SENTENCING MEMORANDUM OF
## DEFENDANT BARRY WILLIAMS

Submitted by:

Guy Oksenhendler, Esq.
Law Office of Guy Oksenhendler
Attorney for Defendant Barry Williams
194 Burns Street, Ste. 1
Forest Hills, New York 11375

**Law Offices of**
**GUY OKSENHENDLER**
194 Burns Street, Suite 1
Forest Hills, New York 11375
917.804.8869
goksenhendleresq@aol.com

June 13, 2022

VIA ECF

Honorable Katherine PolkFailla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: ***United States v. Barry Williams***
     17 Cr 123 (KPF)
     Sentencing Memorandum

Dear Judge Failla:

  Reference is made to the sentencing of defendant Barry Williams before Your Honor currently scheduled for June 16, 2022 in the above-entitled case. It is respectfully requested that Your Honor impose the statutory mandatory minimum sentence below, despite the Government's and Probation's recommended sentence. In light of Mr. Barry Williams's background and character, the facts of the instant offense for which Mr. Barry Williams accepts full responsibility, counsel requests Your Honor impose the most lenient sentence pursuant to law when the parties appear before the Court.

  After reviewing the Pre-Sentence Report, counsel suggests that the Court Sua Sponte may find that Mr. Williams is not a career criminal under the USSG. Due to the application of USSG Chapter 4 to the instant offense by the probation department, the applicable USSG Guidelines in the instant case increases far above the mandatory minimum sentence of ten years applicable in the instant case. As a matter of policy, and as a matter of practicality and appropriateness, this application of Chapter 4 of the USSG this court may find that it not be applied to this case.

  While fully accepting responsibility for his actions here, Mr. Williams is facing significant prison time based upon his plea. It is suggested that a ten year sentence is most appropriate here.

Introduction

Mr. Williams is scheduled to be sentence before this Court on June 16, 2022, pursuant to his guilty plea in violation of 21 USC § 841(b)(1)(A). This memorandum is is submitted on behalf of Mr. Williams to assist the Court in imposing a reasonable and fair sentence pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure. Mr. Williams hopes that once the Court examines his role in the overall scheme and its attendant characteristics, as well as consider the goals of sentencing, that the Court will find that a variance from the advisory range is appropriate in this case, and that a sentence of 60 months imprisonment, combined with a period of supervision is a "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. § 3553(a).

Procedural History

Subsequent to his arrest and indictment on the instant matter, and pursuant to a plea agreement, Mr. Williams pleaded guilty to a lesser included offense of count one of the indictment which charges him with 21 USC § 841(b)(1)(B) for conspiring with others to possess with intent to distribute crack cocaine in the Bronx, New York. Mr. Williams is in Criminal History Category VI and with an adjusted offense level of 36. However, due to the Career Criminal Guidelines, his offense level increases, from 9 Criminal History Points, to an enhanced number of 11. The Career Offender guidline prejudices my client with a category increase, putting him at risk of not being sentenced similarly to similarly related co-defendant's in this case.

We hope that when the Court examines Mr. Williams's role in the offense, his addiction, his family dynamics, as well as his history and characteristics and the sentencing goals of 18 U.S.C. § 3553(a), that the Court will find that the statutory mandatory sentence of ten years incarceration is fair and just in this particular case, giving credit for time already served.

Career Offender Consideration

Due to Defendant Barry Williams's Career Offender Status, his USSG range increases one category. It is well settled that the consequences of being deemed a career offender for purposes of section 4B1.1 of the USSG are grave. Williams is a Career Offender under the USSG because of his prior predicate drug convictions, many of which are related to his underlying narotics addiction. It is requested that the Court grant Mr. Williams a variance and ground that decision in what can be considered a disagreement with the Career Offender guideline on policy grounds. This Court clearly may vary downward from the suggested guidelines based on the 18 USC 3553(a) factors and any policy disagreements with the Career Offender guideline.

3

Offense Conduct/Context

In this case, the defendant was arrested with his co-defendants for a large narcotics conspiracy. Mr. Williams has a history or mental health issues which counsel believes is the underlying cause for his participation in this case; as these issues prevented him from exhibiting good judgment in light of his environment and personal circumstances.

18 U.S.C. § 3553(a) Factors

It is well settled, and this Court needs no reminding that in imposing an appropriate sentence in this case, the court must consider the following § 3553(a) factors to impose a sentence "sufficient, but not greater than necessary." See *United States v. Ministro-Tapia*, 470 F.3d 137, 138 (2d Cir. 2006). This affords adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, *inter alia*. The ultimate goal of the sentencing court is to find just punishment in proportion to the crime.

The Supreme Court has made it clear that courts can impose sentences at vaiance with guidelines even in "the mine run cases." See, Rita v. United States, 551 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 39 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008). The Supreme Court has repeatedly stressed the non-binding nature of the guideline scheme, holding that not only are they not mandatory on sentencing courts, they are also "not to be presumed reasonable." *Nelson v. United States*, 130 S.Ct 657 (Jan. 26, 2009). Further, courts have been instructed to impose "a sentence sufficient, but not greater than necessary" to meet the objectives of sentencing. *See* 18 U.S.C. § 3553(a). It is suggested that this Court should reject the notion that a "sufficient, but not greater than necessary" sentence exists only within the confines of the advisory guidelines. In conforming with the dictates of individualized sentencing, this Court should find that the proposed sentence of months of incarceration with a period of supervision is a fair and just sentence.

The factors Your Honor must consider under § 3553(a) are:

- The nature and circumstances of the offense, § 3553(a)(1);
- The history and characteristics of the defendant, § 3553(a)(1);
- The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed rehabilitative or other treatment, § 3553(a)(4), (5);

4

- The Sentencing Guidelines and the sentencing range they provide, § 3553(a)(4), (5);
- The need to avoid unwarranted disparities in sentencing, § 3553(a)(6); and
- The need to provide restitution to victims of the offense, § 3553(a)(7).

After considering these factors

### Nature and Circumstances of the Offense

In the instant case, the defendant pleaded guilty to a lesser included offense of count one of the indictment; charging him with conspiring to possess with intent to distribute controlled substances.

The charges here are serious, and the defendant makes no argument to the contrary.

### History and Characteristics of the Defendant

To describe the defendant, counsel has enjoyed his relationship with my client, finding him thoughtful, remorseful of his conduct, and hopeful for his future. He has not had an easy life. His childhood experiences are unfair for any child to endure. He was surrounded by drugs, affected by the loss of his parents, and faced the consequences of growing up with family narcotics addiction issues. His personal issues should warrant any sentence to impose a component of narcotics and mental wellness therapy and support.

In considering the proposed sentence as fair and just, counsel asks the Court to also consider the decisions made by the defendant during his youth, which related directly to his criminal history category.. Those poor decisions made while a young adult show the defendant's inability at that time to negotiate his decisions in a manner as a similarly situated mature adult would have. The *Roper* and *Graham* cases establish the concept that children are constitutionally different from adults for sentencing purposes. Their "lack of maturity" and "underdeveloped sense of responsibility" lead to recklessness, impulsivity and heedless risk takings. *United States v. Roper*, 53 U.S. at 569, 125 S.Ct. 1183 (2005). They "are more vulnerable…to negative influences and outside pressures," including pressures from their family and peers; they have limited "control over their own environment" and lack the ability to extricate themselves from horrific, crime-producing settings. *Ibid*. Due to a child's character being less "well formed" compared to an adult, his traits are "less fixed" and his actions are less likely to be "evidence of irretrievable depravity." Id. at 570. Roper and *Graham v. Florida*, 560 U.S. 48, 130 S.Ct.2011, 176 L.Ed.2d 825 (2010), concluded that the Constitution prohibits a sentence emphasized or recommended which are diminished by the distinctive attributes of youth. The distinctions diminish the penological justifications for imposing the harshest sentences for juvenile offenders, or as is suggested here, offenses committed as a young adult, even when the crimes committed are terrible and serious.

### Narcotics Rehabilitation and Mental Health Counseling

The PSR makes clear that Mr. Williams would benefit tremendously from narcotics and mental wellness counseling.

### Criminal History

As noted in the Pre-Sentence Report, Mr. Williams criminal history results in a criminal history category of V. What is consistent about his criminal history is his history of selling drugs to enable his personal drug use. In this regard, it is counsel's suggestion that the criminal history computation in this case over-represents his actual criminal history and should be the basis for a varied sentence from the suggested USSG guideline.

Under Chapter 4 of the USSG, the Probation department applied the Career Offender Guideline to this case. It is clearly misapplied here and it is requested that the court not apply those guidelines in this matter. It should be noted the plea agreement did not consider the Career Offender Guideline.

It is suggested that the increased Career Offender Guideline is far beyond was is just and necessary for punishment in this case. This Court is free from relying on the draconian recommendation for sentencing. A 17 year sentence in this case is not consistent with justice and is unwarranted. It is far greater than necessary. This court is not bound to impose this Guideline in determining sentencing and would subject Mr. Williams to a sentence that varies from those imposed on similarly situated defendants

Mr. Williams fully accepts responsibility for his actions and is deeply regretful for what he has done. Sentencing him to the suggested guideline sentence does not serve the ends of justice. Accordingly, it is suggested that a 120 month sentence is punishment enough for his actions here.

### Fine and/or Restitution

Mr. Williams is not in a financial position to pay a fine and it is requested that Your Honor not impose a fine.

### Issue of Elimination of Powder-to-Cocaine Base Disparity

The effect of considered legislation would decrease the applicable guidelines in this case by four levels. Considering an offense level of 32 and not applying the career

criminal guideline, Mr. Williams would be facing a recommended minimum sentence of 188-235 months.

Conclusion

Mr. Williams is humbled and regretful of what he acknowledges to be poor judgment and decisions in committing the crime for which he has accepted responsibility and is to be sentenced. It has been observed that sentencing is not an exact science. Rather, it is a "fluid and dynamic process." *Irizarry v. United States*, 128 S. Ct. 2198, 2203 (2008). Its aim should be to impose a sentence that is reasonable, fair and just, given the facts of a particular case and facts relative to the particular person being sentenced. The overarching goal is to fashion a sentence that is sufficient, but not greater than necessary. An analysis of the §3553(a) factors in this case, as well as the "mitigating qualities of youth." *Johnson v. Texas*, 509 U.S. 350, 367, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993), equivocates in favor of the proposed varied sentence of ____ months incarceration, a term of post release supervision and restitution for DEFENDANT.

As to restitution, Mr. Williams will be expected to make restitution for an amount to be determined. Given his lack of profession and still developing skills, his limited education, as well as limited financial resources, he will face what could amount to a lifetime of making restititution payments. It is requested that Your Honor consider his obligation to make restitution payments, the proposed jail sentence and a period of supervised release as a fair and just sentence. In calculating the appropriate term of incarceration, please consider and credit time already served in this matter.

Thank you for your attention and consideration to this matter and of the issues raised herein. If you have any questions, please do not hesitate to contact the undersigned counsel at Your Honor's convenience.

Very truly yours,

Guy Oksenhendler

cc: Luis Pelligrino, Esq.
Assistant United States Attorney
Southern District of New York

Clerk of the Court
United States District Court
Southern District of New York

7